# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NORBERTO GARCIA-BARAHONA,**

    Movant/Defendant,

vs.                                                   **CIVIL NO. 05-0341 BB/DJS**
                                                                            Criminal No. 03-1917 BB

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Big Springs, Texas, as a result of his conviction for illegal re-entry after deportation by an alien previously convicted of an aggravated felony, contrary to 8 U.S.C. §1326(a)(1) and 8 U.S.C. §1326(b)(2). Following his conviction pursuant to a guilty plea, Movant was sentenced to sixty-three months imprisonment on December 22, 2003. The judgment imposing that sentence was entered on January 13, 2004. Movant did not file a direct appeal, which is not surprising given the fact that his plea agreement included a

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

waiver of his right to appeal, with the exception that an appeal would have been permissible if the Court had departed upward from the applicable sentencing guideline range. The Court sentenced Movant within the guideline range, leaving no ground for him to appeal.

2. Despite the explicit waiver of his right to appeal contained in the plea agreement, in the instant motion Movant asserts that he was denied his right to appeal, denied effective assistance of counsel, subjected to double jeopardy, and that his conviction was unlawfully obtained. In its Response to the Motion to Vacate, Respondent contends that the motion must be dismissed as untimely. Respondent also asserts that Movant is not entitled to relief on the claims asserted.

3. The Court agrees that this action is time barred under the terms of 28 U.S.C. §2255. That statute states in part that

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final and the one year limitation period begins to run after the time for seeking *certiorari* review has expired if a defendant does not petition the United States Supreme Court for a writ of *certiorari* after his direct appeal. United States v. Burch, 202 U.S. 1274, 1276 (10th Cir. 2000). In this case, no impediment to Movant bringing his ineffective assistance of counsel or other claims is alleged, the right to effective counsel, to be free from double jeopardy, to appeal, and to a lawfully obtained conviction are not newly recognized, and the facts underlying Movant's claims were discoverable at the time of his sentencing. Consequently, the one-year limitation period

began to run when Movant's conviction became final.

4. Because Movant did not bring a direct appeal, his conviction became final on January 26, 2004. See Fed.R.App.P. 4(b)(1)(A) (Requiring a defendant's notice of appeal in a criminal case be filed withing ten days of the later of either the entry of the judgment or order being appealed or the filing of the governent's notice of appeal); also see United States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir.2003) (concluding that "the day of the act ... from which the designated period of time begins to run shall not be included' in calculating the § 2255 limitations period) (quoting Fed.R.Civ.P. 6(a)). Therefore, the §2255 one-year limitations ended "on the anniversary date of the triggering event," January 26, 2005. See Hurst, 322 F.3d at 1261. Movant did not file the instant §2255 motion until April 20, 2005, nearly three months after the end of the limitation period. Accordingly, the motion is untimely.

5. Under extraordinary circumstances, such as when a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent, equitable tolling may be applied to the one-year limitation period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) cert. denied, 525 U.S. 891 (1998). Petitioner does not raise any allegations which would lead to the application of equitable tolling in this case. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute only permitted in rare and exceptional circumstances).

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice as time barred.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**